UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
THE AUTOMOBILE INSURANCE COMPANY
OF HARTFORD, CONNECTICUT,                                    Civil Action No.

                              Plaintiff,

                                                          **COMPLAINT FOR**
         -against-                                        **DECLARATORY RELIEF**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY,

                              Defendant.
--------------------------------------------------------------------X

         Plaintiff, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD,

CONNECTICUT ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint for

Declaratory Judgment against Defendant, SOUTHWEST MARINE AND GENERAL

INSURANCE COMPANY ("Southwest"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.       In this action, Travelers seeks a declaration that Southwest is obligated to defend

and to indemnify Alvi Abuaf and Brenda Abuaf (the "Abuafs") in connection with a lawsuit

entitled *Kevin Argudo v. Alvi Abuaf, Brenda Abuaf, and Home Front Organization, Inc.*, brought

in the Supreme Court of the State of New York, County of New York, Index No. 160356/2020

(the "Underlying Action"), as additional insureds under a policy of insurance issued by Southwest

to Home Front Organization, Inc. ("Home Front") on a primary and noncontributory basis.

## JURISDICTION AND VENUE

2.       At all times relevant hereto, Travelers was and is a Connecticut corporation duly

licensed and authorized to write insurance and conduct business in the State of New York, with a

principal place of business in Hartford, Connecticut.

3.       Upon information and belief, at all times relevant hereto, Southwest was and is an

Arizona corporation duly licensed to write insurance and conduct business in the State of New York, with a principal place of business in Scottsdale, Arizona.

4.    This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred here.

6.    An actual justiciable controversy exists between the parties as to the coverage afforded under an insurance policy issued by Defendant Southwest.

7.    Travelers has no adequate remedy at law.

## THE INSURANCE POLICIES

8.    Travelers issued a homeowners policy to the Abuafs as named insureds bearing Policy No. 0A7176-919551193-636-1, with effective dates of April 29, 2020 to April 29, 2021 (the "Travelers Policy").

9.    Subject to certain terms, conditions and exclusions, the Travelers Policy generally provides coverage for bodily injury or property damage that takes place during the policy period and is caused by an accident.

10.    The Travelers Policy contains an applicable excess "other insurance" clause providing that coverage under the Travelers Policy is excess over any other valid and collectible insurance, except insurance written specifically to cover as excess over the limits of liability that apply in the Travelers Policy.

11.    Southwest issued to Home Front a Commercial General Liability policy bearing Policy No. GL2020LHB00289, with effective dates of June 29, 2020 to June 29, 2021 (the "Southwest Policy").

12.     The Southwest Policy contains an "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization" endorsement (CG 20 10 04 13) (the "AI Endorsement"), which states, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART

**Schedule**

Any person or organization whom you are required to include as an additional insured on this policy under a written contract or agreement, but the written contract or written agreement must be:

1. Currently in effect or becoming effective during the term of this policy; and
2. Executed prior to the 'occurrence."

A. **Section II – Who is an Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury," property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf, in the performance or your ongoing operations for the additional insured(s) at the location(s) designated above.

13.     The Southwest Policy also contains a "Primary and Noncontributory – Other Insurance Condition" endorsement (the "P&NC Endorsement"), which states, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABLITY COVERAGE PART
PRODUCTS.COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following is added to the **Other Insurance** Condition and supersedes any provision to the contrary:

**Primary and Noncontributory Insurance**
This insurance is primary to and will not seek

> contribution from any other insurance available
> to an additional insured under your policy
> provided that:
>
> (1) That additional insured is a Named Insured
>     Under such other insurance; and
> (2) You have agreed in writing or in contract or
>     agreement that the insurance would be
>     primary and would not seek contribution
>     from any other insurance available to the
>     Additional insured.

14. Upon information and belief, the Southwest Policy was in effect at all relevant times.

## THE UNDERLYING AGREEMENT AND LAWSUIT

15. Prior to October 26, 2019, the Abuafs decided to demolish the existing structure at the Premises located at 10 Fanning Drive, Westhampton Beach, New York 11978 (the "Premises") and construct a new single-family residence.

16. The Abuafs as Owner and Home Front as Contractor entered into an AIA Document A101-2017 Standard Form of Agreement Between Owner and Contractor dated October 26, 2019, as supplemented by an Addendum of even date (collectively, the "AIA Contract"), pursuant to which Home Front agreed to serve as the general contractor for the construction of a new single-family residence at the Premises.

17. Pursuant to Article 11 of the AIA Contract, Home Front was contractually obligated to purchase and maintain commercial general liability insurance naming the Owner, Architect, and Architect's consultants as additional insureds.

18. Specifically, Section 11.1.1 entitled, "Contractor's Insurance and Bonds" states, in relevant part:

> The Contractor shall purchase and maintain insurance of the types
> and limits of liability, containing the endorsements, and subject to
> the terms and conditions, as described in the Agreement or
> elsewhere in the Contract Documents. . . . The Owner, Architect, and
> Architect's consultants shall be named as additional insureds under

4

the Contractor's commercial general liability policy or as otherwise described in the Contract Documents.

See **Exhibit 1**.

19.     Pursuant to Section 3.18.1 of the AIA Contract, Home Front further agreed to indemnify and hold harmless the Abuafs, as Owner, from and against claims, damages, losses, and expenses, including attorneys' fees, arising out of or resulting from the performance of the Work, to the extent caused by the negligent acts or omissions of Home Front, a Subcontractor, or anyone directly or indirectly employed by them.

20.     Specifically, Section 13.8.1 states, in relevant part:

To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner…from and against any claims, damages, losses, and expense, including but not limited to attorney's fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them, or anyone for whose acts then may be liable, regardless of whether or not such claim, damage, loss, or expense is caused in part by  party indemnified hereunder…

See **Exhibit 1**.

21.     In the Underlying Action, Kevin Argudo ("Argudo") alleges that he was seriously injured on September 28, 2020, when a metal joist collapsed while he was performing carpentry and framing work at the Premises (the "Accident").

22.     Argudo alleges that as a result of the Accident, he fell approximately twelve to fifteen feet, sustaining a left pneumothorax, multiple rib fractures, herniated and bulging discs in the cervical and lumbar spine, and a left shoulder partial rotator cuff tear requiring arthroscopic surgery.

23.     Argudo alleges damages in excess of $140,000.00 in the Underlying Action.

5

24.     Argudo, at the time of the Accident, was employed by MB City Carpentry Corp., a subcontractor to Barrera City Carpentry Corp. ("Barrera"), which in turn was retained as a subcontractor by Home Front to perform carpentry and framing work at the Premises.

25.     In the Underlying Action, Argudo asserts causes of action against the Abuafs and Home Front for negligence and violation of New York Labor Law Sections 200, 240(1), and 241(6).

26.     Home Front has asserted a Third-Party Complaint against Barrera the MB City Carpentry Corp. for common law indemnification, contribution, contractual indemnification, and breach of contract in the Underlying Action.

27.     Travelers has been providing and continues to provide a defense to the Abuafs in the Underlying Action.

28.     Travelers has incurred and continues to incur costs and fees in providing a defense for the Abuafs in the Underlying Action.

**TENDERS TO SOUTHWEST**

29.     By letter dated August 22, 2025, the Abaufs' defense counsel in the Underlying Action tendered the defense and indemnity of the Abuafs to Home Front's counsel and to Southwest, demanding that Southwest defend and indemnify the Abuafs as additional insureds under the Southwest Policy on a primary and noncontributory basis, and that Home Front honor its contractual indemnification obligations under the AIA Contract.

30.     Southwest, through its parent company Coaction Specialty Insurance Group ("Coaction"), acknowledged receipt of the August 22, 2025 tender, but Southwest has refused to formally accept the tender on a primary and noncontributory basis.

31.     To date, Southwest, through Coaction has failed and refused to formally accept Travelers' tender, assume the defense of the Abuafs in the Underlying Action, or reimburse Travelers for any defense costs incurred on behalf of the Abuafs.

**TRAVELERS' CAUSE OF ACTION FOR DECLARATORY RELIEF**

32.    Travelers repeats and realleges the allegations contained in paragraphs 1-31 above as if set forth here in their entirety.

33.    The AIA Contract was executed on October 26, 2019, was in effect on the date of the Accident, September 28, 2020, and required Home Front to name the Abuafs as additional insureds under Home Front's commercial general liability policy.

34.    The AIA Contract was thus executed prior to the occurrence and was in effect during the Southwest Policy period, satisfying all conditions of the AI Endorsement.

35.    The Abuafs qualify as additional insureds under the Southwest Policy for the claims asserted against them in the Underlying Action, as Argudo's claims against the Abuafs arise from and are caused, in whole or in part, by the acts or omissions of Home Front and its subcontractors in the performance of Home Front's ongoing operations at the Premises under the AIA Contract.

36.    The Abuafs are entitled to a defense under the Southwest Policy, as well as indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

37.    Coverage provided to the Abuafs by the Southwest Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

38.    Southwest has refused to provide coverage to the Abuafs with respect to the Underlying Action.

39.    Accordingly, Travelers seeks a declaration that Southwest has an obligation to defend and indemnify the Abuafs as additional insureds under the Southwest Policy; that the coverage provided by the Southwest Policy to the Abuafs is primary and noncontributory; and that the obligations of Travelers to the Abuafs in the Underlying Action are excess to the Southwest Policy.

40.     In addition, Travelers seeks an award at law and in equity against Southwest for recovery of all sums Travelers has incurred in defense of the Abuafs in the Underlying Action, as the coverage provided by the Southwest Policy is primary to any coverage provided by Travelers.

**WHEREFORE**, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.      Declaring that the Southwest Policy was in full force and effect on the date of the alleged accident that is the subject of the Underlying Action.

2.      Declaring that all terms and conditions of the Southwest Policy have been complied with and met.

3.      Declaring that the alleged incident that is subject of the Underlying Action and the allegations against the Abaufs in the Underlying Action fall within the coverage afforded by the Southwest Policy.

4.      Declaring that Abaufs are additional insureds under the Southwest Policy for the claims asserted against the Abaufs in the Underlying Action.

5.      Declaring that Southwest owes a duty to the Abaufs in connection with the Underlying Action.

6.      Declaring that Southwest has a duty to indemnify the Abaufs in connection with the Underlying Action.

7.      Declaring that Southwest's coverage obligations to the Abaufs in connection with the Underlying Action are primary and noncontributory.

8.      Declaring that Travelers' coverage obligations to the Abaufs are excess to those of Southwest with respect to the Underlying Action.

9.      Declaring that an actual controversy exists between Travelers and Southwest with respect to Southwest's duty to defend and indemnify the Abaufs in connection with the Underlying Action.

10.     Granting an award in favor of Travelers against Southwest for all sums Travelers has paid in defending the Abaufs as to the Underlying Action, including, but not limited to, sums incurred to pursue any cross-claim, counter-claim, and/or third-party complaint as such are essential part of the Abaufs' defense in the Underlying Action.

11.     Granting an award in favor of Travelers for the costs of suit incurred herein.

12.     Granting such other and further relief as the Court may deem just and proper.


Dated:  New York, New York

        March 12, 2026


                                    USERY & ASSOCIATES

                                    By:    /s/*Janet J. Lee*
                                            Janet J. Lee
                                    *Attorney for Plaintiff*
                                    *The Automobile Insurance Company of Hartford,*
                                    *Connecticut*
                                    Direct: 917.778.6751
                                    Fax: 844.571.3789
                                    Email: jlee37@travelers.com

                                    Please address all correspondence sent by mail to:
                                    P.O. Box 2996
                                    Hartford, CT 06104-2996

                                    Physical Address:
                                    485 Lexington Avenue,6th Floor
                                    New York NY 10017